# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| JAMES DONALD McCORMICK, | : | |
| Plaintiff | : | |
| VS. | : | |
| BERRIEN COUNTY JAIL EMPLOYEES, *et al.*, | : | NO. 7:10-CV-80 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **JAMES DONALD McCORMICK**, an inmate at the Lowndes County Jail, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the required initial partial filing fee of $8.00 as previously ordered by this Court. Plaintiff will be obligated to pay the unpaid balance of $342.00, as described later in this order.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007)

(noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff's claims arise out of his prior confinement at the Berrien County Jail ("BCJ"). Specifically, plaintiff alleges that on or about 5:30 p.m. on January 21, 2010, plaintiff was climbing down from his top bunk. According to plaintiff, the lights in his cell were disabled and plaintiff lost his footing; as a result, he hit his leg on the bed frame and suffered "lacerations" to his shin bone.

Plaintiff states that, because there were no "panic buttons" in his cell or the dayroom, plaintiff was not taken to a hospital for 45 minutes. At the hospital, plaintiff received 5 staples in his leg. Plaintiff complains that unspecified "officers" required plaintiff to continue to sleep in the top bunk when he was returned to the BCJ.

Plaintiff names the following parties as defendants: BCJ employees, Berrien County Commissioners, and Berrien County Sheriff Anthony Heath.

## III. DISCUSSION

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement and to ensure that prisoners receive adequate food, clothing, shelter, and medical care. ***Hudson v. McMillan***, 503 U.S. 1, 8-9 (1992).[1] The Supreme Court has made it clear, however, that the Constitution requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. ***Rhodes v. Chapman***, 452 U.S. 337, 346 (1981).

To prevail on an Eighth Amendment claim, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety. ***Farmer v. Brennan***, 511 U.S. 825, 834 (1994). "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only "extreme deprivations" will make out a conditions-of-confinement claim. ***See Hudson***, 503 U.S. at 9; ***see also Whitmore v. Arkansas***, 495 U.S. 149, 155 (1990) (holding that a complainant must allege an injury to himself that is "distinct and palpable," as opposed to "abstract," and the alleged harm must be actual or imminent, not "conjectural" or "hypothetical.").

---

[1] It appears that plaintiff was a pretrial detainee during his time at the BCJ. For purposes of this Court's analysis, it is irrelevant whether he was, in fact, a pretrial detainee or, instead, a convicted prisoner. The Eleventh Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." ***Hamm v. DeKalb Co.***, 774 F.2d 1567, 1574 (11th Cir. 1985).

While plaintiff suffered an unfortunate accident, the Court concludes that the facts alleged by plaintiff are insufficient as a matter of law to support a claim for a violation of his constitutional rights under the above standard. Plaintiff alleges no cognizable injury as a result of the absence of "panic buttons" and, notably, he is no longer housed at the BCJ. Plaintiff has at most alleged mere negligence on the part of the BCJ "officers." Moreover, unspecified BCJ employees are not suable under section 1983 because this Court has no way of serving a copy of the summons and complaint on unidentified individuals.

Finally, plaintiff makes no allegations whatsoever against the Berrien County Commissioners and Sheriff Anthony Heath. ***See also Mann v. Taser Intern, Inc.***, 588 F.3d 1291, 1308 (11th Cir. 2009) (recognizing that a supervisor may be liable under section 1983 for the unconstitutional acts of his subordinates if (1) he personally participates in the constitutional violation, or (2) a causal connection exists between his conduct and the constitutional violation, but stating that "claims under a theory of supervisory liability fail [if] the underlying § 1983 claims fail").

## IV. CONCLUSION

Based on the foregoing, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915A.

**SO ORDERED**, this 1st day of OCTOBER, 2010.

       *s/ Hugh Lawson*
       HUGH LAWSON
       UNITED STATES DISTRICT JUDGE

cr